**Castel NYSD Chambers**

| | |
|---|---|
| From: | Matthew R. Lee <​███████> |
| Sent: | Wednesday, June 7, 2023 5:21 PM |
| To: | Castel NYSD Chambers |
| Cc: | lawleader@███████; juliana.murray@███████; ryan.finkel@███████ |
| Subject: | Re: Criminal Proceeding Canceled on June 7, 2023 at 4 pm without basis or new date - on information and belief, US v. Rodriguez, 19-cr-536 (PKC) |
| Attachments: | MarreroUSvDoeObjecticp.pdf |

CAUTION - EXTERNAL:

*[Handwritten annotation: No courtroom was closed. The proceeding in question was held on the afternoon of June 7, 2023 in an open courtroom. Application otherwise DENIED. SO ORDERED. /s/ Castel USDJ 6-13-23]*

June 7, 2023

By E-mail to chambers and counsel

Hon. P. Kevin Castel, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Criminal Proceeding Canceled on June 7, 2023 at 4 pm without basis or new date - on information and belief, US v. Rodriguez, 19-cr-536 (PKC)

Dear Judge Castel:

   On behalf of Inner City Press and in my personal capacity, this concerns a criminal proceeding that was set to begin an hour ago, then was canceled without any basis or new date being given.

   I was asked by defense counsel Howard R. Leader, politely, Are you here for this?

   I replied, I am here and informed Mr. Leader of a recent order by Judge Marrero that even asking for the docket number and the basis for sealing is not enough to constitute an objection:

"to the extent that Lee was present in the courtroom at the beginning of the proceedings, when Magistrate Judge Gorenstein announced closure of the courtroom, Lee had an opportunity then to object. Cf. Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 445-46 (1979) (Blackmun, J., concurring) ("[A]ny person removed from a court should be given a reasonable opportunity to state his objections prior to the effectiveness of the order. . . . and the public need not be given prior notice that a closure order will be considered at a given time and place. But where a member of the public contemporaneously objects, the court should provide a reasonable opportunity to that person to state his objection."). Lee's requests for the "docket number, and the basis for sealing" do not reasonably rise to the level of an objection; they sound more so as a request for additional detail.

A true objection to closure requires the objector to first make a cognizable objection (Lee did not) and then present some alternative to closure. See Herald, 734 F.2d at 107 n.1 (MacMahon,

1